IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE JR., a minor, by and through, and with JOHN DOE SR., | Case No. 22-cv-440 |
| Plaintiffs, | Judge Dan Aaron Polster |
| v. | **OPINION & ORDER** |
| ST. EDWARD HIGH SCHOOL, et al., | |
| Defendants. | |

Before the Court is the joint Motion to Dismiss John Doe Sr. for Lack of Standing and to Remove Anonymity of John Doe Jr. (the "Motion") by Defendants St. Edward High School, KC McKenna, and James P. Kubacki (collectively, the "St. Ed's Defendants"). ECF Doc. 44. For the reasons that follow, the Motion is GRANTED in part and DENIED in part.

## BACKGROUND

On March 18, 2022, Plaintiff John Doe Sr. ("Senior") commenced this action on behalf of and with his minor son John Doe Jr. ("Junior") and used fictitious names to file the complaint. ECF Doc. 1 at ¶¶ 1-2. Shortly thereafter, Junior turned eighteen years old. ECF Doc. 48 at 6.

The complaint alleges that Junior was the victim of multiple sexual assaults when he was a freshman at Defendant St. Edward High School ("St. Ed's") in 2019. ECF Doc. 1 at ¶¶ 22-66. The identified perpetrator is Junior's former schoolmate, Defendant Jayden Williams, who purportedly committed the sexual assaults during school-sponsored athletic camps, programs, and events. *Id.* Williams was allegedly aided by other schoolmates, including somebody who recorded one of the sexual assaults and shared the video with other St. Ed's students. *Id.* The Does have brought several causes of action against St. Ed's, including a breach of contract claim for St. Ed's failure to abide by its safety and discipline policies. *Id.* at ¶¶ 16-20, 169-73.

## DISCUSSION

The Motion asks the Court to provide three forms of relief: (1) dismissal of Senior from the action because he is not a real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure; (2) an order directing Junior to use his real name; and (3) an award of attorneys' fees and costs. ECF Doc. 44. The Court addresses each of the Motion's requests in turn below.

A.  **Real Party in Interest**

The St. Ed's Defendants first argue that Senior should be dismissed from the action because he is not a real party in interest to this action. ECF Doc. 44 at 3-4. More specifically, the Motion asserts that Senior can no longer bring claims on Junior's behalf because Junior recently turned eighteen years old and, thus, has the capacity to sue in his own right. *Id.*[1]

Rule 17(a)(1) of the Federal Rules of Civil Procedure expressly requires that every action be brought by the "real party in interest"—*i.e.*, the party "who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994). Rule 17 further identifies certain legal relationships that satisfy the real-party-in-interest requirement, including a guardian or a person authorized by statute to bring a claim on another's behalf. F.R.C.P. Rule 17(a)(1)(A-G). Yet, the Rule's listed legal relationships do not necessarily create an absolute or enduring interest in a third-party's litigation. For instance, a guardian can and will lose his status as a real party in interest, if that guardian brought a suit on behalf a minor who reaches the age of majority during the litigation and has no other incompetency. *See, e.g., Heard v. Thomas*, 20-cv-2335, 2022 WL 1431083, at *2 (W.D.

---

[1] While the Motion is styled as seeking Senior's dismissal for lack of standing, the St. Ed's Defendants have not provided the Court with any Article III standing analysis and instead frame their argument under Rule 17 only. While Article III standing and Rule 17's real-party-in-interest requirement are related, these are distinct concepts. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002). Thus, the Court treats the Motion not as a challenge to standing, but rather as request to identify the appropriate plaintiff under Rule 17(a)(3).

Tenn. May 5, 2022) (dismissing mother from an action under Rule 17 once her child turned 18) (citing *Stephenson v. McClelland*, 632 F. App'x 177, 181 (5th Cir. 2015)); *Phillips v. Anderson Cty. Bd. of Educ.*, 06-cv-35, 2006 WL 3759893, at *5 (E.D. Tenn. Dec. 19, 2006) (same), *aff'd* 259 F. App'x 842, 843 n.1 (6th Cir. 2008).

Given the foregoing, the Court agrees with the St. Ed's Defendants that Senior is not a real party in interest under Rule 17(a) to the extent that he is a party to the action solely as Junior's former guardian. When the complaint was filed, Senior was a real party in interest because Junior was a minor, Senior was his guardian, and the guardian relationship is specifically contemplated by Rule 17. However, now that Junior is eighteen years old, he is the only person who can enforce his rights under the substantive law governing his causes of action. Thus, Senior cannot be a party simply by virtue of his parental relationship to the aggrieved plaintiff.

The Court's Rule 17 analysis is unaffected by Junior's recent appointment of Senior as his attorney in fact. *See* ECF Doc. 48-1. More specifically, the Does contend that Senior is a real party in interest under Rule 17's sub-section for statutory authorization because Junior executed a limited power of attorney, which extended Senior's authority to sue on Junior's behalf. ECF Doc. 48 at 4-5; ECF Doc. 58-1 at 2 (citing O.R.C. § 1337.52(A)). However, courts have uniformly held that a power-of-attorney designation does not satisfy Rule 17's real-party-in-interest requirement because the attorney in fact is not vindicating any substantive rights for himself.[2] Rather, a power of attorney allows the attorney in fact to vindicate the *principal's* substantive rights, which requires

---

[2] *See, e.g.*, *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 418 (2d Cir. 2015) (explaining that a power-of-attorney designation is insufficient to satisfy Rule 17); *Dexter v. Mac*, 2015 WL 93250, at *4 (E.D. Mich. Jan. 7, 2015) ("A person authorized to bring suit solely on the basis of a power of attorney is not a real party in interest; courts have uniformly denied such a party the right to sue in its own name." (quoting 3A Moore's Federal Practice § 17.10 (1993))); *Patterson v. Hudson Area Schs.*, 05-74439, 2010 WL 455386, at *1-2 (E.D. Mich. 2010) (dismissing parents from a Title IX action after their child turned eighteen years old, despite the child executing a power of attorney for the underlying litigation); *cf. Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 730-31 (6th Cir. 2016) (noting the Second Circuit's conclusion that a power-of-attorney designation does not confer standing to the attorney in fact).

that any lawsuit be filed in the principal's name. Thus, here, Junior's limited power of attorney allows Senior to direct the litigation, but it does not make Senior a party to the lawsuit.

However, Rule 17 does *not* require Senior's complete dismissal from the case because Senior is a real party in interest to Count III—*i.e.*, the breach of contract claim against St. Ed's. While the St. Ed's Defendants argue that this claim belongs to Junior now that he is an adult,[3] the complaint alleges that both Does were party to the contract with St. Ed's, and that St. Ed's breached the contract terms by failing to adhere to its policies for student safety, behavior, and discipline. ECF Doc. 1 at ¶ 170; *see also Riley v. St. Ann Catholic Sch.*, No. 78129, 2000 WL 1902430, at *12-13 (Ohio Ct. App. Dec. 21, 2000) (noting a parent is a party to a contract with a child's school). Assuming these allegations are true, Senior has a personal interest in the breach of contract claim and may remain in the action to vindicate his purported contractual rights.

**B.    Anonymity**

The Motion next requests an order directing Junior to bring this action in his real name, rather than under a pseudonym. ECF Doc. 44 at 4-5. According to the St. Ed's Defendants, Junior's use of a fictious name is inappropriate now that he has turned eighteen years old, and he should be required to adhere to general presumption in favor of open judicial proceedings. *Id.*

While the St. Ed's Defendants are correct that federal courts have a strong presumption in favor of open courts, this presumption is not absolute: a district court has discretion to allow a plaintiff to proceed anonymously when that "plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

---

[3] In their reply brief, the St. Ed's Defendants also argue that Senior has failed to state a claim for breach of contract because the school policies are not a contract. ECF Doc. 54 at 2-3. However, this argument is inapposite because St. Ed's Defendants have not moved for dismissal under Rule 12(b)(6). And, even if the Motion sought dismissal on this ground, any such argument would likely fail under Ohio law at this stage of the proceedings. *See Allen v. Casper*, 87 Ohio App. 3d 338, 343 (8th Dist. 1993) (explaining that a school's policies and handbooks can constitute contractual terms when tuition is paid for a student to attend that school).

One of the recognized exceptions to the open-courts presumption is for litigation that will compel a plaintiff to disclose information "of the utmost intimacy." *Id.* (internal citations omitted).

Many federal courts have exercised this discretion to authorize fictious names for plaintiffs who are sexual assault victims because their cases involve information of the "utmost intimacy." *See Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (collecting cases in which a sexual assault victims were permitted to proceed anonymously); *see also Doe v. Neverson*, 820 F. App'x 984, 987-88 (11th Cir. 2020) (concluding that the district court abused its discretion in denying a sexual assault victim's request to proceed under a pseudonym where there was evidence of a social stigma should her identity become public); *Doe v. Athens Cty.*, 22-cv-855, 2022 WL 787868, at *1 (S.D. Ohio Mar. 15, 2022) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness."). When considering requests to proceed anonymously, courts have also considered: the victim's age at the time of the sexual assault; the psychological and social ramifications of a bringing a suit in the victim's real name; and the possibility of fundamental unfairness to the defendant. *Neverson*, 820 F. App'x at 986-88.

Here, Junior has provided a sufficient basis for the Court to conclude that, presently, his privacy interest substantially outweighs the open-courts presumption. As an initial matter, the complaint alleges that Junior was the victim of repeated sexual assaults, and these allegations alone qualify as information of the utmost intimacy. Plus, Junior was a young teenager at the time of the alleged assaults, and the sensitive nature of the allegations has not diminished simply because Junior has been a legal adult for the past two months.

Furthermore, Junior faces a real and unique risk of retraumatization if he is required to litigate in his real name. Junior's treating psychologist has provided an affidavit in which he not

only describes the toll that the alleged sexual assaults have taken on Junior's mental health, but also warns that public litigation will impede Junior's ongoing recovery. ECF Doc. 57 at 1-2. After reviewing the allegations and the psychologist's affidavit, the Court finds Junior's fear of retraumatization to be well-founded and relevant to the anonymity analysis. The complaint alleges that Junior has suffered a very public indignity, namely that one of the alleged sexual assaults was recorded and repeatedly shared among Junior's classmates. The Court can see how forcing Junior into further publicity of these events could result in additional psychological harm. Alternatively, if the Motion were granted, Junior may elect to avoid the potential trauma by abandoning his claims altogether. Rather than risk either outcome, the Court will instead exercise its discretion to allow Junior to proceed anonymously for the time being.[4]

Comparatively, the St. Ed's Defendants failed to address Junior's sexual assault allegations at all. Instead, the St. Ed's Defendants treat Junior's age as the determinative factor for the anonymity analysis, and this perhaps stems from the complaint's statement that Junior used a fictitious name because he was minor. However, the Does' response brief made clear that sexual assault victims are often permitted to proceed anonymously, and, even then, the St. Ed's Defendants refused to engage with the intimate nature of Junior's allegations in their reply brief. *See* ECF Doc. 54 at 1-2. To be sure, Junior's allegations have yet to be substantiated, but the Motion cannot succeed without acknowledging Junior's claimed privacy right or, at the very least, articulating how Junior's pseudonym will prejudice their defense. Still, the Motion did not grapple with the gravity of the allegations, and this silence makes the Court wary of the St. Ed's Defendants' request to publicize Junior's real name.

---

[4] Because the parties' privacy interests are "intractably intertwined," both Junior and Senior will be permitted to proceed anonymously. *See J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016).

The Court is likewise unpersuaded by the argument that Junior forfeited any expectation of privacy by using his real name in subpoenas. Even when a plaintiff's immediate community knows about sexual assault allegations generally, that plaintiff can still proceed under a pseudonym to mitigate the additional trauma of having his name and assault committed to the public record. *See K.S. v. Detroit Pub. Schs.*, 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015) (allowing a student to proceed anonymously even after his mother discussed his sexual assault with a local news station). Thus, Junior's request for privacy in court filings is proper, despite including his real name in his subpoenas—the individuals subpoenaed were already familiar with his allegations, and Junior redacted his name in the court-filed versions. Ultimately, the St. Ed's Defendants are asking the Court to penalize Junior for issuing subpoenas that sufficiently described the targeted documents, but the Court refuses to do so.

That said, the Court will deny the St. Ed's Defendants' request without prejudice because the "need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). As discussed above, Junior's continued anonymity is proper at this stage because the case involves intimate information and because there is no prejudice to the defendants. However, this balance may shift as the case progresses, and the defendants may renew this request, if it becomes appropriate and necessary to revisit Junior's anonymity.

### C.     Attorneys' Fees and Costs

Finally, the St. Ed's Defendants seek the attorneys' fees and costs associated with the Motion. ECF Doc. 44 at 5. They argue that the Does' counsel knew that Junior would turn eighteen years old shortly after filing this action and, thus, acted inappropriately by using pseudonyms and by keeping Senior in the action. *Id.* The Motion does not identify a legal basis for the request.

The Court understands this branch of the Motion to be a request for civil sanctions, but a sanction awarding attorney's fees is appropriate only when there is evidence that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Here, the St. Ed's Defendants have provided no such evidence. Rather, the Does' counsel acted in good faith because Rule 17 specifically allowed Senior to bring the action on Junior's behalf and because Junior had a proper legal basis for using a fictious name. Accordingly, the Motion's request for attorney's fees and costs is denied.

## CONCLUSION

Accordingly, for the reasons states above, the St. Ed's Defendants' Motion to Dismiss John Doe Sr. for Lack of Standing and to Remove Anonymity of John Doe Jr. (ECF Doc. 44) is **GRANTED in part** and **DENIED in part**. With respect to the request to dismiss John Doe Sr. from the action, the Motion is **GRANTED** for all claims that he has brought on John Doe Jr.'s behalf but **DENIED** for John Doe Sr.'s individual claim against St. Ed's. The clerk of the court is **DIRECTED** to amend the docket to remove John Doe Sr.'s next friend designation and to substitute John Doe Sr. and John Doe Jr. as co-plaintiffs. With respect to the request to remove Junior's anonymity, the Motion is **DENIED without prejudice**. With respect to the request for attorney's fees and costs, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**Date:** July 13, 2022

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**