IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE JR., et al., | ) |
|       Plaintiffs, | ) Case No. 22-cv-440 |
| v. | ) Judge Dan Aaron Polster |
| ST. EDWARD HIGH SCHOOL, et al., | ) **OPINION & ORDER** |
|       Defendants. | ) |

Before the Court is the joint Motion to Dismiss (the "Motion") by Defendants Jayden Williams, Darryl Williams, and Lashan Spencer (collectively, the "the Williams Defendants"). ECF Doc. 45. For the reasons that follow, the Motion is DENIED.

## **BACKGROUND**[1]

In the summer and fall of 2019, Defendant Jayden Williams allegedly committed multiple sexual assaults and batteries against Plaintiff John Doe Jr. ("Junior"), who was Jayden's schoolmate and cross-country teammate at Defendant St. Edward High School. ECF Doc. 1 at ¶¶ 23-61. When the sexual assaults occurred, Junior was a minor. *Id.* ¶ 1.

Thereafter, on March 18, 2022, Junior's father, Plaintiff John Doe Sr. ("Senior"), commenced this action on Junior's behalf because Junior was still a minor on that date. *Id.* The complaint asserts multiple state-law tort claims against the Williams Defendants: there are five causes of action against Jayden for assault and battery (Count 8), conspiracy to commit assault and battery (Count 11), negligence (Count 12), intentional infliction of emotional distress (Count 13), and spoliation of evidence (Count 14); and there are two causes of action against both of Jayden's

---

[1] Given the case's procedural posture, the Court takes the following statement of facts the complaint (ECF Doc. 1) and assumes that the allegations asserted therein are true. *See Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 851 (N.D. Ohio 2018).

parents, defendants Mr. Williams and Ms. Spencer, for parental liability under O.R.C. § 3109.10 (Counts 9 and 10) and spoliation of evidence (Count 14). *Id.* ¶¶ 224-76.[2]

Two weeks after the complaint was filed, Junior turned eighteen years old, and the Court subsequently dismissed Senior from the lawsuit in his capacity as Junior's former guardian. ECF Doc. 79 at 4; ECF Doc. 68. As a result of the Court's order, Junior is the sole plaintiff for every claim against the Williams Defendants.

Now, the Williams Defendants have filed the instant Motion and seek dismissal of the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure on statute of limitations grounds. *See generally* ECF Doc. 45. Plaintiffs opposed the Motion by filing a response brief, and the Williams Defendants then filed a reply brief. ECF Docs. 79, 82. The Court has reviewed the parties' briefing and now concludes that the Motion must be denied.

## **LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss, a district court must view the complaint in a light most favorable to the plaintiff and accept well-pleaded allegations as true. *Buddenberg v. Weisdack*, 939 F.3d 732, 738 (6th Cir. 2019). The factual allegations must be sufficient "to state a plausible claim to relief" for the claim to survive a motion to dismiss. *Saumer v. Cliffs Nat. Res., Inc.*, 853 F.3d 855, 858 (6th Cir. 2017). "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

Typically, the expiration of the relevant statute of limitations is not an appropriate ground for Rule 12(b)(6) dismissal, but such dismissal may be warranted if "the allegations in the

---

[2] Counts 11 and 13 were also brought against Jayden's alleged co-conspirators, Defendants Evan Typpo and Thomas Hoffman, and Count 14 was brought against all nine of the co-defendants. ECF Doc. 1 at ¶¶ 244-50, 257-76. None of the other defendants have joined the Williams Defendants' request to dismiss these shared counts on statute of limitations grounds.

complaint affirmatively show that the claim is time-barred." *Courser v. Michigan House of Reps.*, 831 F. App'x 161, 179 (6th Cir. 2020). Because the statute of limitations is an affirmative defense and a plaintiff need not plead the absence of that defense in the complaint, the expiration of a statute of limitations is often a matter outside of the complaint's allegations and, thus, outside of Rule 12(b)(6) review. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Block*, 549 U.S. 199, 216 (2007)). Yet, when the allegations demonstrate that the statute of limitations has expired, then dismissal the complaint is subject to dismissal for failure to state a claim. *Jones*, 549 U.S. at 215.

Here, the Court agrees with the Williams Defendants that the application of the relevant statutes of limitations and the applicable tolling statute can be discerned from the face of the complaint. *See* ECF Doc. 45 at 1. Thus, the Court will resolve the Motion on the merits.

## **ANALYSIS**

For civil causes of action, Ohio law imposes various statutes of limitations, all of which establish a time limit for commencing a civil case. *See generally* O.R.C. §§ 2305.01-2305.14.[3] These time limits run from the date a plaintiff's claim accrued, whether by injury or discovery. *Wilson v. Durrani*, 164 Ohio St.3d 419, 421 (2020). As relevant here, Ohio's statutes of limitations impose: a one-year time limit to bring an action for assault or battery; a two-year limit to bring an action for negligence; and a four-year time limit to bring an action for civil conspiracy, intentional infliction of emotional distress, or spoliation. O.R.C. §§ 2305.09, 2305.10, 2305.111(B).

Yet, Ohio law also tolls the statutes of limitations for minors in most circumstances pursuant to O.R.C. § 2305.16. Thus, if an individual has a legal claim accrue before he reaches the

---

[3] Every claim against the Williams Defendants is brought under Ohio's tort law, and so Ohio's statutes of limitations apply to each claim. *Charash v. Oberlin Coll.*, 14 F.3d 291, 299 (6th Cir. 1994).

age of majority—*i.e.*, before the individual turns eighteen years old—then the applicable statute of limitations is tolled until his eighteenth birthday. *Id.* §§ 2305.16, 3109.01; *see also Fehrenbach v. O'Malley*, 113 Ohio St.3d 18, 19-20 (2007) (stating that there was "no question" that the statute of limitations on a minor plaintiff's claims were tolled). At that point, once the individual is no longer a minor, the statute of limitations will begin to run and may bar an untimely action. *Brooks v. Skinner*, 139 F. Supp. 3d 869, 881 (S.D. Ohio 2015) (applying Ohio law).

Here, application of O.R.C. § 2305.16 to Junior's claims establishes that none of the causes of action are time barred, including the claims against the Williams Defendants. First, the complaint alleges that Junior was still a minor in 2019 when every cause of action asserted in the complaint accrued, and no party disputes this fact. *See* ECF Doc. 1 at ¶ 1; ECF Doc. 45 at 4. In turn, Junior was entitled to the benefit of the Section 2305.16 toll for any claims arising out of the events alleged in the complaint, and the applicable one-, two-, and four-year time limits would not start until Junior turned eighteen years old. Yet, the instant case was filed *before* Junior's eighteenth birthday, which means all of Junior's claims were interposed before the statutory time limits began to run. Therefore, on the face of the complaint, it is clear that all of Junior's claims are timely.

Despite this simple application of the minor tolling statute, the Williams Defendants argue that Section 2305.16 does not apply on two primary grounds: first, that Senior cannot assert the Section 2305.16 toll on Junior's behalf, and, second, that Junior's claims are governed by the more specific tolling provision in O.R.C. § 2305.111(C).[4] The Court considers each argument in turn.

---

[4] The Williams Defendants also make several other arguments, but none of the arguments warrant significant treatment because they are mooted by the Court's ensuing analysis. More specifically, the Motion argues that: the one-year statute of limitation applies to every claim; the prosecution of untimely claims against a minor defendant would violate public policy; and the savings statute in O.R.C. § 2305.19 is not applicable. ECF Doc. 45 at 5-7, 9-11. Each of these arguments hinges upon Junior's claims being untimely, and, in turn, these arguments fail because the Court has concluded that the claims are timely. The Motion also argues that the tolling provision in O.R.C. § 2305.111(C) cannot apply here because it is triggered only when the underlying conduct is criminal in nature. *Id.* at 7-8. However, the

A. **<u>O.R.C. § 2305.16's Applicability to Claims Brought by a Guardian on a Minor's Behalf</u>**

The Williams Defendants first argue that the Section 2305.16 toll applies only when a minor brings a lawsuit in his own capacity. ECF Doc. 82 at 3.[5] From this premise, the Williams Defendants maintain that the toll cannot not apply here because Senior brought the lawsuit on Junior's behalf, and Senior cannot assert or otherwise benefit from the toll because he had the capacity to bring the lawsuit within the statutes of limitations. ECF Doc. 45 at 2-3; ECF Doc. 82 at 3. To support this argument, the Williams Defendants cite to *Fehrenbach v. O'Malley*, in which the Supreme Court of Ohio addressed whether the statute of limitations for a parent's individual claim could be tolled by Section 2305.16's provision for joint and inseparable claims.

The Court begins by noting that this argument is moot because Junior is now the sole plaintiff for every claim against the Williams Defendants, and he may assert the toll. Indeed, Junior is—and has always been—the real party in interest to this lawsuit, but Senior brought the case because Junior still lacked the capacity to sue in March 2022. ECF Doc. 1 at ¶ 1; *see also* F.R.C.P. Rule 17(c); *Helminski v. Ayerst Labs.*, 766 F.2d 208, 213 (1985). Once Junior reached the age of majority, the Court dismissed Senior in his representative capacity and identified Junior as the proper plaintiff, and the case now proceeds as though Junior had always been the sole plaintiff. *See* ECF Doc. 68; F.R.C.P. 17(a)(3). Curiously, the Williams Defendants do not address this change in the parties, even though their reply brief was filed nearly three weeks after the Court issued the ordered. *See* ECF Docs. 68, 82. This omission ultimately dooms the Williams Defendants' position—even if the Court were to accept as true the argument that the Section 2305.16 toll can

---

Court has concluded that O.R.C. § 2305.16 applies to Junior's claims, and so the scope of the O.R.C. § 2305.111(C) is irrelevant.

[5] The Court notes that a minor lacks the capacity to sue under Rule 17(c). Perhaps the Williams Defendants intended to argue that the minor tolling statute may be invoked only when an adult individual brings a lawsuit to assert claims that accrued when the individual was a minor, but this is not how their point was expressed in the briefing.

be asserted only by a minor suing in his own capacity, Junior would now be permitted to do so under the Williams Defendants' proposed rule.[6]

Furthermore, the Williams Defendants' proposition that Senior could not assert the Section 2305.16 toll on Junior's behalf has been rejected by the Supreme Court of Ohio, albeit under slightly different circumstances. Namely, in *Weaver v. Edwin Shaw Hospital*, the state high court interpreted Section 2305.16 and concluded that, under the statute's plain language, the appointment of a guardian for an adult who had become mentally incompetent did not trigger the statute of limitations on any claims that accrued during the incompetency. 104 Ohio St.3d 390, 398 (2004). Rather, Section 2305.16's toll inures to the benefit of an incompetent individual until such time that the incompetency is removed, if ever, because "the cause of action belongs to the ward, not to the guardian." *Id.* at 394-95. Thus, the guardian-plaintiffs in *Weaver* were permitted to assert the Section 2305.16 toll for the claims they brought on behalf of their incompetent son, even though the guardian-plaintiffs were themselves competent and capable of bringing their son's claims before the applicable statutes of limitations expired. *Id.*

Applying the *Weaver* ruling here, it is clear that Senior's role in this litigation did not divest Junior of the tolling benefit afforded to him by Section 2305.16. Every claim asserted against the Williams Defendants belongs to Junior personally, and the calculation of any statutes of limitations or statutory tolls are determined based Junior's age. Thus, under *Weaver*, the relevant statutes of limitations were tolled until Junior's incompetency was removed—*i.e.*, when Junior turned eighteen years old—regardless of whether Senior instituted a lawsuit on Junior's behalf before the

---

[6] Still, the Williams Defendants maintain that Junior failed to bring his claims within the necessary time after reaching the age majority. ECF Doc. 82 at 3-4. The Court cannot discern any basis for this argument because Junior turned eighteen years old on April 1, 2022, and he became the sole plaintiff by court order on July 13, 2022. Thus, Junior interposed his claims, in his own capacity, well before even the shortest statute of limitation was set to expire.

incompetency ended or whether Senior had the capacity to bring the suit within the statutory time limits after the claims accrued. In fact, courts have routinely applied the Section 2305.16 toll to minors' legal claims, even when—as here—the cases were commenced by adult guardians on behalf of minors. *See, e.g.*, *Brooks*, 139 F. Supp. 3d at 874, 880-81; *H.M. v. Board of Educ. of the Kings Local Sch. Dist.*, 117 F. Supp. 3d 992, 1016 (S.D. Ohio 2015); *Mayo v. Federal Exp.*, 13-cv-1380, 2014 WL 2600302, at *2 (N.D. Ohio June 10, 2014). Therefore, the law makes clear that an adult may assert the Section 2305.16 toll on a minor's behalf, and the Court can find no reason why Senior was unable to do so here.

The Court also notes that the Williams Defendants have misrepresented the holding in *Fehrenbach v. O'Malley*, and that case does not entitle them to the relief they now request.[7] More specifically, the Williams Defendants state that *Fehrenbach* stands for the proposition that, when a parent brings a claim on behalf of his minor child, Section 2305.16 will toll the statute of limitations for the minor child's claims only if the parent also brings his own independent claim that is joint and inseparable from the minor's claim. ECF Doc. 45 at 2-3; ECF Doc. 82 at 3. Yet, nowhere in the opinion did the Supreme Court of Ohio create such a contingent relationship between a minor's tolling rights and a parent's individual claim. In fact, the court reached the *opposite* conclusion: in deciding whether Section 2305.16 tolled the statute of limitations on plaintiff-parents' loss of consortium claim, the court began with the premise that "[t]here is no question that [the minor] may assert the tolling provision" for the claims that her parents brought on her behalf. 113 Ohio St.3d at 20. Thus, the minor daughter could assert, through her parents, Section 2305.16's toll, regardless of how the court resolved the question about the toll's

---

[7] The *Fehrenbach* case involved parents who brought a medical malpractice claim on behalf of their daughter and a loss of consortium claim for themselves. 113 Ohio St.3d at 19. The Supreme Court of Ohio was asked to address whether O.R.C. § 2305.16 tolled the statute of limitations on the adult parents' claim, and the court concluded that the parents could assert the toll because their claim was joint and inseparable from their daughter's claim. *Id.* at 20-21.

applicability to the parents' individual claim. The same holds true here, and Junior's statutory tolling rights are not contingent upon the nature of Senior's individual claim. Accordingly, the Williams Defendants' interpretation of *Fehrenbach* is erroneous, and the argument fails.

In short, Junior's claims were tolled by O.R.C. § 2305.16, and the Williams Defendants' arguments to the contrary are unsupported by law. Therefore, the Williams Defendants are not entitled to dismissal on this ground.

### B. <u>O.R.C. § 2305.111(C)'s Applicability to Junior's Claims</u>

The Williams Defendants alternatively argue that Junior is not entitled to any toll whatsoever, regardless of who brought the lawsuit. ECF Doc. 82 at 1-2. The Williams Defendants begin from the premise that Section 2305.16 is a general tolling statute, and it can be superseded by a specific tolling statute. *Id.* In turn, when a plaintiff brings a claim relating to childhood sexual abuse, Section 2305.16 is superseded by O.R.C. § 2305.111(C) because the latter statute explicitly addresses the statute of limitations and the toll for a childhood sexual abuse claim. *Id.* From there, the Williams Defendants state that Section 2305.111(A) requires that "childhood sexual abuse" be perpetrated by someone who stands *in loco parentis* to the child, but Jayden does not fit within this definition of an abuser. *Id.* The Williams Defendants therefore conclude that Junior's claims were not subject to any toll because: (1) Junior's claims do not meet the statutory requirements necessary to benefit from Section 2305.111(C)'s tolling provision; and (2) Section § 2305.16 has been superseded and cannot apply to any of Junior's claims of childhood sexual assault and battery claims.

The Williams Defendant's conclusion that Junior cannot assert any toll is simply illogical. Indeed, this argument is based on the faulty premise that every claim involving sexual assault and battery against a child is governed by Section 2305.111(C), but this is simply untrue. By its plain

terms, Section 2305.111(C) only governs claims that meet Section 2305.111(A)'s definition of "childhood sexual abuse." Under Section 2305.111(A), a sexual assault and battery against a child qualifies as "childhood sexual abuse" only if the abuse was perpetrated by one of the types of actors enumerated in the statute.[8] If the statutory conditions are met, then any claims arising from the childhood sexual abuse are tolled until the victim's eighteenth birthday, at which point a twelve-year statute of limitations begins to run. *See* O.R.C. § 2305.111(A, C). However, it does *not* then follow that Section 2305.111(C) creates an all-or-nothing scenario—*i.e.*, that a claim arising from childhood sexual assault either meets the statutory definition of "childhood sexual abuse" and the statute of limitations is tolled under Section 2305.111(C) or does not meet the statutory definition and the statute of limitations is not tolled at all. Such a scheme would be absurd, as it would mean that a fourteen-year-old child who is sexually assaulted by a teacher would have until he was thirty years old to file a lawsuit, but a fourteen-year-old child who is sexually assaulted classmate would have to file the lawsuit when he is fifteen years old and lacks the capacity to sue.

The far more logical conclusion is that Junior may assert the Section 2305.16 toll. Even though the Williams Defendants are correct that Section 2305.111(C) does not apply here because Junior's claims do not meet Section 2305.111(A)'s statutory definition of "childhood sexual abuse," there is no reason to conclude that his claims would not instead be governed by the general toll in Section 23015.16. Rather, any other conclusion is nonsensical, particularly because Section 2305.111(C) was enacted to protect victims of childhood sexual assault by extending the statute

---

[8] Under the statute, "childhood sexual abuse" can be committed by any number of individuals who had the trust of or exercised control over the child victim, including a law enforcement officer, a teacher, a coach, a troop leader, mental health professional, or cleric. O.R.C. § 2305.111(A)(1)(b)(i-viii). Thus, the list of possible abusers is more robust than simply those who stand *in loco parentis* to the child, as stated by the Williams Defendants.

of limitation for childhood sexual abuse from one year to twelve years.[9] The Court cannot fathom a scenario in which the Ohio legislature intended to strip victims of childhood sexual assault from the benefit any toll whatsoever, simply because Section 2305.111(C) does not apply to their claims

Accordingly, the Court concludes that O.R.C. § 2305.111(C) is inapplicable to this case, and the relevant statutes of limitations for Junior's claim were instead tolled by O.R.C. § 2305.16. Therefore, the Williams Defendants are not entitled to dismissal on this ground either.

*****

In sum, the Court concludes that none of the applicable statute of limitations has lapsed, the Williams Defendants' dismissal arguments do not alter this conclusion. Therefore, Junior's claims are timely, and the Motion must be denied.

## CONCLUSION

Accordingly, for the reasons states above, the Williams Defendants' Motion to Dismiss (ECF Doc. 45) is **DENIED**.

**IT IS SO ORDERED.**

**Date:** August 11, 2022

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**

---

[9] *See Watkins v. Dep't of Youth Servs.*, 143 Ohio St.3d 477, 480 (2015) (recognizing that O.R.C. § 2305.111(C) was enacted to ameliorate the harsh repercussions of imposing a one-year statute of limitations on victims of childhood sexual abuse).